The Honorable Gunner DeLay State Senator 4200 Free Ferry Lane Fort Smith, AR 72903-2388
Dear Senator DeLay:
You have requested an Attorney General opinion concerning the release of medical records under the Freedom of Information Act (FOIA) (A.C.A. §25-19-101 et seq.).
You indicate that your question arises out a scenario in which an employer requested access to the records of an employee maintained by the Workers' Compensation Commission. The Commission denied access to the employee's medical records, even though the employer presented the Commission with an Arkansas Workers' Compensation Commission Form N, which authorizes "any hospital, physician, psychotherapist or practitioner of the healing arts to furnish the bearer any information including . . . medical records" of the workers' compensation claimant. The Worker's Compensation Commission refused to release the medical records without being presented with a signed copy of a Commission form entitled "Authorization for Release of Medical Records," which states: "I hereby authorize the Arkansas Worker's Compensation Commission to release my medical records in its possession."
Regarding this scenario, you have asked:
 Under the Freedom of Information Act, does a signed, all-inclusive medical release form, such as an Arkansas Workers' Compensation Commission Form N, entitle the bearer to disclosure of the signee's medical records? (That is, may the custodian of records require a specific medical release form, promulgated by the custodian, in order to release otherwise exempt medical records, despite the presence of an all-inclusive medical release in favor of the requester?)
RESPONSE
I am unable to answer this question definitively with regard to any particular release forms, without having had an opportunity to examine and analyze those forms. Moreover, an analysis of that nature is a task that is not normally appropriate for the Attorney General to undertake. Rather, an analysis of this nature is usually more appropriately handled by private counsel for the interested party.
Nevertheless, to the extent that your question is impacted by state law, I will address it.
As you note in your correspondence, medical records are explicitly exempt from disclosure under the FOIA. See A.C.A. § 25-19-105(2). Although exemptions under the FOIA are mandatory rather than permissive, see Ops. Att'y Gen. Nos. 96-386; 91-374, and although the FOIA itself does not address the issue of the waiver of exemptions, the Attorney General has taken the position that the medical records exemption can be waived by the signing of a release form. See Op. Att'y Gen. No. 91-374. The question of whether a particular release form is sufficient will be largely a question of fact, dependent upon the language of the particular form. Again, I have not been provided with copies of the forms that are the subject of your question. Nevertheless, the language from those forms that you quoted in your correspondence leads me to question whether the Arkansas Workers' Compensation Commission Form N would suffice to authorize the Commission itself to release a particular individual's medical records. The language that you quoted from that form appears to be directed to medical personnel, rather than to the Commission. That is, the Form N appears to authorize only medical personnel — not the Commission — to release medical records. In contrast, the language that you quoted from the Commission's form entitled "Authorization for Release of Medical Records" appears to explicitly authorize the Commission to release medical records.
I reiterate, however, that the issue you have raised cannot be resolved definitively without a legal and factual analysis of the actual forms in question.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh